**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10357 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-08088-PGR-2 |
| v. | |
| SHAWN LORIN HENDERSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding

Submitted March 10, 2015[**]
San Francisco, California

Before: BYBEE, CALLAHAN, and OWENS, Circuit Judges.

Shawn Henderson appeals his conviction for felon in possession of a firearm

and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Having

jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Henderson argues that the government presented inconsistent theories at his trial. A prosecutor violates a defendant's due process rights by pursuing fundamentally inconsistent theories against separate defendants for the same crime if the prosecutor knowingly uses false evidence or acts in bad faith. *Nguyen v. Lindsey*, 232 F.3d 1236, 1240 (9th Cir. 2000). The government did not act in bad faith or use false evidence when it argued that Henderson possessed the same handgun that his co-defendant admitted to possessing in the factual basis of his plea agreement; and, these were not fundamentally inconsistent theories. *See id.* ("[Although] the prosecutor made different arguments at each trial, . . . [there was no due process violation because] these arguments were consistent with the evidence actually adduced at each trial.").

Henderson also argues that the district court improperly rejected his motion to dismiss counsel, which he raised for the first time after trial (and after the jury acquitted him on one count and failed to reach a verdict on another). We consider three factors when assessing whether a motion to dismiss counsel was properly denied: (1) whether the district court's inquiry was adequate, (2) the extent of the conflict between the defendant and his counsel, and (3) the timeliness of the defendant's motion weighed against any inconvenience or delay that would result from granting the motion. *United States v. Corona-Garcia*, 210 F.3d 973, 976 (9th

13-10357

Cir. 2000). Based on these factors, the district court did not abuse its discretion in rejecting Henderson's motion. *See id.* at 976-77.

**AFFIRMED.**